CUTRER, Judge.
The issue presented by this appeal is whether an officer and stockholder of a corporation had agreed to be personally liable for the debts of the corporation.
The Patmar Corporation, a wholesale distributor of florist supplies, filed suit against Acadiana Florist Wholesale, Inc., and its president and fifty percent stockholder, Lona Broussard, for a past due account of $16,411.42. It was alleged that Mrs. Broussard had personally guaranteed the payment of the debts of the corporation. On this basis she was made a defendant.
By stipulation it was agreed that the defendant corporation was indebted to plaintiff in the amount of $16,411.42. The testimony at trial only concerned conversations between Mrs. Broussard and an agent for plaintiff. The trial court ruled that during the week of August 3, 1981, Mrs. Broussard personally guaranteed the payment of all purchased by defendant corporation after that date, but that since no purchases were made by the corporation after August 3, 1981, Mrs. Broussard sustained no liability. The trial court rendered judgment in favor of the plaintiff and against defendant corporation for the stipulated sum. Plaintiff appeals. We affirm.
PERSONAL LIABILITY OF LONA BROUSSARD
Mrs. Lona Broussard was the president and manager of the defendant corporation. In the operation of the corporate wholesale florist supply business, Mrs. Broussard purchased stock from the plaintiff.
In the summer of 1980, the defendant corporation was in arrears in its account with the plaintiff. The record is unclear as to the amount owed at that time. The plaintiff’s agent, Ron Stevens, became con *9 cerned about the delinquency and he, along with Stanley Morgenstern (president of plaintiff), discussed the delinquency with Mrs. Broussard. Mrs. Broussard stated that she told Stevens and Morgenstein that ■ she was having a capital flow problem but that some new investors were coming into the business and she would be able to bring the account up to a current status.
Mrs. Broussard testified that she did get new investors and was able to bring the past due account to a current status. As her business continued, however, the defendant corporation again became delinquent in its account and a second conversation took place between Ron Stevens and Mrs. Broussard regarding the account. This conversation took place during the week of August 3, 1981. It was stipulated that the personal guarantee made by Mrs. Broussard was made during that week.
Mrs. Broussard stated that she wanted to keep the business going and-in her conversation with Stevens in the week of August 3⅛ 1981, she told him as follows:

“A. The only thing I told him, I said ‘Ron, ’ I said, ‘You know I have always paid you, and to the best of my ability, I’ll keep trying to pay you. ’ And I still have in mind if I can sell the goods, I will pay my debtors. I don’t care if there’s Judgments or whatever, if I can sell the merchandise, if they will let me, I still will pay them. ”

This was the last conversation she had with Stevens about the account. No further orders were shipped to defendant corporation by plaintiff after this conversation.
Ron Stevens testified that, at this August 1981 meeting, Mrs. Broussard stated that she would see that the plaintiff would be paid if she had to write checks upon her personal account. He interpreted this to mean that she was guaranteeing the past due account.
The trial court found that Mrs. Brous-sard made a personal agreement which was a guarantee for future purchases which may be made after August 3, 1981, but it was not a guarantee for the past due account. The trial court found that no goods were sold to Acadiana Florist after the August 1981 conversation, thus, Mrs. Broussard sustained no personal liability in this suit.
The trial court’s determination that Mrs. Broussard’s guarantee was only for future purchases is a factual conclusion that will not be disturbed on appeal unless there has been manifest error. A review of the record reveals no manifest error in these findings.
For the reasons assigned, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant, The Patmar Corporation.
AFFIRMED.